PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
## (Supersedes Petition Filed as Docket Entry No. 28)

Name of Offender: Eric Henderson     Case Number: 3:10-00188

Name of Sentencing Judicial Officer: Honorable Todd J. Campbell, U.S. District Judge

Date of Original Sentence: July 27, 2011

Original Offense: 21 U.S.C. § 841 (a)(1), Distribution of Cocaine Base

Original Sentence: 24 months' custody and three years' supervised release

Type of Supervision: Supervised Release     Date Supervision Commenced: August 8, 2012

Assistant U.S. Attorney: Scarlett Singleton     Defense Attorney: Ronald Small

### PETITIONING THE COURT

___ To issue a Summons.
___ To issue a Warrant.
_X_ To consider the additional information at his revocation hearing, set for February 21, 2014.

**THE COURT ORDERS:**

☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ The Consideration of Additional Information/Alleged Violations
☐ Other

Considered this 19 day of Feb, 2014,
and made a part of the records in the above case.

_____
Todd J. Campbell
U.S. District Judge

I declare under penalty of perjury that the
foregoing is true and correct. Respectfully
submitted,

_____
Joshua Smith
U.S. Probation Officer

Place     Nashville, TN

Date     February 18, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 28, has been amended as follows:

Violation No. 1 - has been amended to include a disposition and new information.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.　　Nature of Noncompliance

1.　　　　　　　**The defendant shall not commit another federal, state or local crime.**

　　　　　　　Mr. Henderson was arrested by the Metropolitan Nashville Police Department on September 13, 2013, and charged with Criminal Simulation greater than $500 and less than $1,000. A true bill was returned by the Grand Jury of Davidson County on September 10, 2013. Mr. Henderson self surrendered to the Davidson County Sheriff's Department on September 13, 2013. On September 14, 2013, he was released from custody on a $25,000 bond. According to Special Agent Darren Anger with United States Secret Service, on November 12, 2012, an officer with Metropolitan Nashville Police Department responded to Walmart in Antioch, TN, on a counterfeit currency complaint. On November 10, 2012, at approximately 3:07 p.m., a black male, later identified as Mr. Henderson, purchased two gift cards in two separate transactions utilizing $950 in suspected counterfeit $50 bills. Store surveillance cameras recorded Mr. Henderson walking out of the store and driving away. On November 13, 2012, Special Agent Darren Anger retrieved the suspected $950 in counterfeit $50 bills from the Metropolitan Nashville Police Department. Upon examination, the bills were authenticated to be counterfeit as a result of genuine $5 bills "bleached" and re-printed on a digital copier/printer bearing the front and back plates of a $50 bill.

　　　　　　　On December 4, 2012, Special Agents John Worth and Darren Anger met with Mr. Henderson. He admitted purchasing the two gift cards but denied knowing the money was counterfeit. He initially claimed he found the money inside a purple "Crown Royal" bag adjacent to a dumpster near his work place in LaVergne, TN. He later changed his story and claimed an acquaintance had driven him to an unidentified residence in late October 2012, to gamble for money. He stated that approximately several thousand dollars in various denominations were exchanged between the four men while gambling. He claimed he won approximately $1,400 in numerous denominations including $50's that evening and reported the counterfeit $50's had to have come from there. He further claimed that his fiancé had spent some of the winnings on Christmas presents for their two children.

　　　　　　　**Mr. Henderson pled guilty to Criminal Simulation (a Class E felony) in Davidson County Criminal Court on January 30, 2014. He was sentenced to 2 years supervised probation and ordered to pay restitution in the amount of $950. He was arrested by Metropolitan Nashville Police Department on February 8, 2014, and charged with Probation Violation (Felony) as a result of the guilty plea on January 30, 2014. He was ordered to serve 28 weekends intermittent confinement. He is required to serve weekend confinement from 6 p.m. Friday evenings to 6 p.m. Sunday evenings, to begin on February 21, 2014.**

2.　　　　　　　**The defendant shall refrain from any unlawfully use of a controlled substance.**

　　　　　　　Mr. Henderson tested positive for marijuana on three occasions.

　　　　　　　May 23, 2013　　　　　　　June 3, 2013　　　　　　　June 10, 2013

        On May 23, 2013, he denied recent marijuana use but admitted on June 3, 2013, that he had used marijuana on May 20, 2013.

3. **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the Probation Officer.**

        Mr. Henderson failed to report for substance abuse treatment on September 11, and September 25, 2013.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Henderson began supervised release on August 8, 2012. He is scheduled to terminate supervision on August 7, 2015. He was referred for a substance abuse treatment assessment on September 24, 2012. Due to difficulty contacting Mr. Henderson, his intake assessment was not completed until January 17, 2013. No treatment was recommended at that time.

A report was submitted to the Court on June 20, 2013, informing that Mr. Henderson tested positive for marijuana on three occasions and failed to report for drug testing on one occasion. As a result of the positive drug tests, he was referred again to substance abuse treatment on June 14, 2013, and his drug testing was increased. He began substance abuse treatment in August 2013, and remains in treatment.

**Update of Offender Characteristics:**

Mr. Henderson has remained employed during supervised release. He is currently employed with Caito Foods.

**U.S. Probation Officer Recommendation:**

It is respectfully requested the additional information be considered at the revocation hearing before Your Honor on February 21, 2014.

This matter has been discussed with the U.S. Attorney's Office, who concurs with the recommendation.

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. ERIC HENDERSON, CASE NO. 3:10-00188

**GRADE OF VIOLATION:** B
**CRIMINAL HISTORY:** V

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003    **PROTECT ACT PROVISIONS**

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) *18 U.S.C. § 3583(e)(3)* | 18-24 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 3 years minus any term of imprisonment *18 U.S.C. § 3583(h)* | 1-3 years *U.S.S.G. § 5D1.2(a)(2)* | No recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding a Grade B violation, the Court shall revoke probation or supervised release.

Respectfully Submitted,

Joshua Smith
U.S. Probation Officer

Approved:

Vidette Putman
Supervisory U.S. Probation Officer